EMILY SNOW, Respondent, v. SAMUEL W. CABLE, Appellant.

*Married woman — right of, to recover for her services — objection that husband should sue cannot be first taken on appeal.*

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought by the plaintiff, a married woman, to recover the value of services rendered by her as a general house-keeper to defendant, and for extra services, which she claimed to have rendered to him while so employed.

The court, at General Term, said : " The defence that the plaintiff was a married woman, hence not entitled to recover for her own services, was not set up in the defendant's answer to the complaint ; nor was this defence urged on the trial, either by motion for nonsuit, objection to evidence or otherwise. To make this defence available on this appeal, it should appear in the

record, that it was in some way, and at some time, before the case was submitted for decision, insisted on.

"But, waving this difficulty in the defendant's case, it plainly appears that the agreement counted on was with the plaintiff as a *feme sole*, with her husband's express approval. As to this fact there is no question. It is most unequivocally proved. Her husband permitted her to engage in the defendant's service, for herself, on her own account, and in her own right, and he consented to the use of her property for the defendant's benefit, under an arrangement between the parties that recompense should be made to her. The husband might, as he did do, permit his wife to engage in business on her own account, and have her own personal earnings. In such case the avails or proceeds are her own; and she may claim them, and recover them the same as if she were a *feme sole*. (*Brooks* v. *Schwerin*, 54 N. Y., 348.) In the case cited, Judge EARL, in speaking of the rights of married women under the married woman's act, says: 'When she labors for another, her services no longer belong to her husband, and whatever she earns in such service belongs to her as if she were a *feme sole*.' (See, also, *Birkbeck* v. *Ackroyd*, 74 N. Y., 356; *Adams* v. *Curtis*, 4 Lans., 164.) The amendment of the married woman's act (1860, chapter 90), expressly empowers a married woman to labor on her own separate account, and to have the fruits of it in her own right. These remarks also apply to the extra work performed by the plaintiff for the defendant; and as to this work, it seems that it was performed outside the special agreement between her and the defendant, hence was a proper subject of recovery outside the contract."

*N. C. & M. W. Marvin*, for the appellant.

*A. D. Peake*, for the respondent.

Opinion by BOCKES, J.; LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed. with costs.